UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANI E. THOMPSON,<br><br>        Plaintiff,<br><br>    v.<br><br>ALAMEDA COUNTY SHERIFF'S DEPT.; *et al.*,<br><br>        Defendants.<br>_____/ | No. C-13-4782 EMC (pr)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

## I.   INTRODUCTION

Armani E. Thompson, an inmate at the Santa Rita Jail, filed this *pro se* civil rights action under 42 U.S.C. § 1983, claiming he was subjected to excessive force at the jail. His complaint is now before the Court for review under 28 U.S.C. § 1915A.

## II.   DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was

committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

The Due Process Clause of the Fourteenth Amendment protects a pretrial detainee from the use of force that amounts to punishment. *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989) (citing *Bell v. Wolfish*, 441 U.S. 520, 535-39 (1979)). Mr. Thompson alleges that, on December 18, 2012, he was asked to step out of a holding cell. "[W]hile complying with all of [deputy] Oliveira's request, I questioned his use of excessive force, after the second time of questioning him about the force, I was threw to the floor & started being kicked & punched an other parties joined in on the assault." Docket # 1 at 3 (errors in source). He lists seven Alameda County Sheriff's deputies as defendants: G. Oliveira, C. Joe, D. Graber, R. Cintorino, B. Vimolchalao, J. Locke, and A. Aniasco. Other than Deputy Oliveira, the amended complaint does not mention what any of them did or failed to do that caused a violation of his rights. Liberally construed, the complaint states a cognizable claim against deputy Oliveira for the use of excessive force in violation of Mr. Thompson's Fourteenth Amendment rights. The complaint does not, however, state a claim against any of the other six deputies because there are no allegations as to what any of them did or failed to do that caused a violation of Mr. Thompson's rights. Leave to amend will be granted. Mr. Thompson must file an amended complaint that links each individual defendant to his claim. He should not refer to them as a group (e.g., "the defendants"); rather, he should identify each involved defendant by name and link each of them to his claim by explaining what each involved defendant did or failed to do that caused a violation of his rights. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).

Mr. Thompson named the Alameda County Sheriff's Department as a defendant but made no allegations against it. There is no respondeat superior liability under § 1983, i.e. no liability under the theory that one is liable simply because he employs a person who has violated aplaintiff's rights. *See Monell v. Dep't of Social Servs.,*436 U.S. 658, 691 (1978)*; Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). The Alameda County Sheriff's Department does not have liability based solely on the fact that it may have employed the alleged wrongdoing officer(s). However, local governments, such as the County of Alameda (and its arm, the Alameda County Sheriff's Department), are "persons" subject to liability under 42 U.S.C. § 1983 where official policy or custom causes a

2

constitutional tort, *see Monell,* 436 U.S. at 690.  To impose municipal liability under § 1983 for a violation of constitutional rights, a plaintiff must show: "(1) that [the plaintiff] possessed a constitutional right of which [he] was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy is the moving force behind the constitutional violation."  *See Plumeau v. School Dist. #40 County of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997) (citations and internal quotation marks omitted).  For municipal liability, a plaintiff must plead sufficient facts regarding the specific nature of the alleged policy, custom or practice to allow the defendant to effectively defend itself, and these facts must plausibly suggest that the plaintiff is entitled to relief.  *See AE v. County of Tulare*, 666 F.3d 631, 636-37 (9th Cir. 2012).  It is not sufficient to merely allege that a policy, custom or practice existed or that individual officers' wrongdoing conduct conformed to a policy, custom or practice.  *See id.* at 636-68.  In "limited circumstances," a municipal policy may be based upon the local government's decision not to train certain employees about their legal duty to avoid violating citizens' rights.  *Connick v. Thompson*, 131 S. Ct. 1350, 1359 (2011).  In order to be a policy, the local government's failure to supervise, monitor or train must amount to deliberate indifference to the rights of the people with whom the local government's employees come into contact.  *City of Canton v. Harris*, 489 U.S. 378, 388 (1989); *Long v. County of Los Angeles*, 442 F.3d 1178, 1188-89 (9th Cir. 2006).  Only where a failure to supervise and train reflects a "'deliberate' or 'conscious' choice'" by a local government can the "shortcoming be properly thought of as a city 'policy or custom' that is actionable under § 1983."  *Harris*, 489 U.S. at 389.  "A pattern of similar constitutional violations by untrained employees is 'ordinarily necessary'" to establish that the failure to train or supervise is a deliberate policy.  *Connick*, 131 S. Ct. at 1360.

### III.  CONCLUSION

The complaint fails to state a claim upon which relief may be granted against seven of the eight defendants.  Leave to amend will be granted so that Mr. Thompson may file an amended complaint that cures the defects identified in this order.  The amended complaint also must repeat the claims against Deputy Oliveira.  The amended complaint must be filed no later than **March 28, 2014**, and must include the caption and civil case number used in this order and the words

AMENDED COMPLAINT on the first page. Mr. Thompson is cautioned that his amended complaint must be a complete statement of his claims. *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc) ("For claims dismissed with prejudice and without leave to amend, we will not require that they be repled in a subsequent amended complaint to preserve them for appeal. But for any claims voluntarily dismissed, we will consider those claims to be waived if not repled.") Failure to file the amended complaint by the deadline will result in the case going forward with only the cognizable claim the court has identified in this order.

IT IS SO ORDERED.

Dated: February 21, 2014

EDWARD M. CHEN
United States District Judge