UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANI E. THOMPSON, | No. C-13-4782 EMC (pr) |
| Plaintiff, | |
| v. | **ORDER OF DISMISSAL WITH LEAVE TO AMEND** |
| ALAMEDA COUNTY SHERIFF'S DEPT.; *et al.*, | |
| Defendants. | |

Armani E. Thompson, an inmate at the Santa Rita Jail, filed this *pro se* civil rights action under 42 U.S.C. § 1983, claiming he was subjected to excessive force at the jail. Pursuant to 28 U.S.C. § 1915A, the Court reviewed the complaint, found that it stated a claim against one defendant (i.e., deputy Oliveira) for the use of excessive force, and dismissed it with leave to amend as to the other defendants because Mr. Thompson had not linked them to his claims. Mr. Thompson did not file an amended complaint, and the deadline by which to do so has long passed. Accordingly, the Court will dismiss all other defendants and claims from this action and will have the complaint served on deputy Oliveira.

For the reasons stated above and in the order of dismissal with leave to amend,

1. The complaint states a cognizable § 1983 claim against Alameda County Sheriff's Deputy G. Oliveira for the use of excessive force on Mr. Thompson. All other defendants and claims are dismissed from this action.

1    2.    The clerk shall issue a summons and the United States Marshal shall serve, without
2 prepayment of fees, the summons, a copy of the second amended complaint and a copy of all the
3 documents in the case file upon Alameda County Sheriff's Deputy G. Oliveira, badge # 2068.

4    3.    In order to expedite the resolution of this case, the following briefing schedule for
5 dispositive motions is set:

6        a.    No later than **November 7, 2014**, Defendant must file and serve a motion for
7 summary judgment or other dispositive motion.  If Defendant is of the opinion that this case cannot
8 be resolved by summary judgment, Defendant must so inform the Court prior to the date the motion
9 is due.  If Defendant files a motion for summary judgment, Defendant must provide to Plaintiff a
10 new *Rand* notice regarding summary judgment procedures at the time he files such a motion.
11 *See Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012).

12        b.    Plaintiff's opposition to the summary judgment or other dispositive motion
13 must be filed with the Court and served upon Defendants no later than **December 5, 2014**.  Plaintiff
14 must bear in mind the notice and warnings regarding summary judgment provided later in this order
15 as he prepares his opposition to any motion for summary judgment.

16        c.    If Defendant wishes to file a reply brief, the reply brief must be filed and
17 served no later than **December 19, 2014**.

18    4.    Plaintiff is provided the following notices and warnings about the procedures for
19 motions for summary judgment:

> The defendants may make a motion for summary judgment by which
> they seek to have your case dismissed.  A motion for summary
> judgment under Rule 56 of the Federal Rules of Civil Procedure will,
> if granted, end your case. . . . Rule 56 tells you what you must do in
> order to oppose a motion for summary judgment.  Generally, summary
> judgment must be granted when there is no genuine issue of material
> fact -- that is, if there is no real dispute about any fact that would
> affect the result of your case, the party who asked for summary
> judgment is entitled to judgment as a matter of law, which will end
> your case.  When a party you are suing makes a motion for summary
> judgment that is properly supported by declarations (or other sworn
> testimony), you cannot simply rely on what your complaint says.
> Instead, you must set out specific facts in declarations, depositions,
> answers to interrogatories, or authenticated documents, as provided in
> Rule 56(e), that contradict the facts shown in the defendants'
> declarations and documents and show that there is a genuine issue of
> material fact for trial.  If you do not submit your own evidence in

opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998).

If a defendant files a motion for summary judgment for failure to exhaust administrative remedies, he is seeking to have the case dismissed. As with other defense summary judgment motions, if a motion for summary judgment for failure to exhaust administrative remedies is granted, the plaintiff's case will be dismissed and there will be no trial.

5. All communications by Plaintiff with the Court must be served on a defendant's counsel by mailing a true copy of the document to the defendant's counsel. The Court may disregard any document which a party files but fails to send a copy of to his opponent. Until a defendant's counsel has been designated, Plaintiff may mail a true copy of the document directly to the defendant, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

6. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

7. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

8. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

IT IS SO ORDERED.

Dated: September 3, 2014

_____
EDWARD M. CHEN
United States District Judge

3